UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAKHEET ALTAYEB GABWAA
FASHER,

                    Petitioner,

     v.

BRUCE SCOTT, *et al.*,

                    Respondents.

Case No. C26-1704-MLP

ORDER

      Petitioner Bakheet Altayeb Gabwaa Fasher, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging as unlawful his redetention by the United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). (Dkt. # 1.) Respondents filed a return (dkt. # 6), supported by the declarations of their counsel, Michelle R. Lambert (dkt. # 7), and ICE Deportation Officer Gennadiy Baz (dkt. # 8).[1] Having considered the parties' submissions and the governing law, the Court GRANTS Petitioner's petition for writ of habeas corpus (dkt. # 1).[2]

---

[1] Petitioner's reply to the return is due June 8, 2026. (Dkt. # 2.) The Court finds habeas relief warranted and, accordingly, finds it unnecessary to wait for the reply.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## I.    BACKGROUND

Petitioner, a native and citizen of Sudan, entered the United States on December 22, 2023, and was detained and issued an administrative warrant. (Dkt. # 1 at 9; Baz Decl., ¶ 3; Lambert Decl., Exs. A-B.) On December 24, 2023, Petitioner was issued a Form I-862 Notice to Appear and released on his own recognizance under a Notice of Custody Determination pursuant to "section 236 of the Immigration and Nationality Act" ("INA"), codified at 8 U.S.C. § 1226. (Baz Decl., ¶ 4; Lambert Decl., Exs. C-D.) His Order of Release on Recognizance ("OREC") also expressly stated that it was issued in "accordance with section 236 of the [INA.]" (Lambert Decl., Ex. E.)

On March 14, 2024, Petitioner was enrolled in Alternatives to Detention ("ATD") with the SmartLINK phone application. (Dkt. # 1 at 9-10; Baz Decl., ¶ 5.)

On July 13, 2024, Petitioner filed a Form I-589 asylum application. (Dkt. # 1 at 2.)

ICE documented forty ATD violations between December 5, 2024, and October 22, 2025. (Lambert Decl., Ex. F at 4-5.) Petitioner asserts he "consistently complied with in-person reporting requirements" and had documented technical issues with SmartLINK. (Dkt. # 1 at 9-10; *see, e.g.*, Lambert Decl., Ex. F at 4 (app had "issue that was causing it to close"; "equipment is damaged"; on 9/17/2025 Petitioner "reported to" field office yet "missed check-in").)

During an in-person check-in on October 24, 2025, ICE detained Petitioner and transported him to the NWIPC. (Baz Decl., ¶ 6; Lambert Decl., Ex. F at 3.) A new administrative warrant was issued citing the pendency of removal proceedings and evidence of removability. (Lambert Decl., Ex. G.) The Notice of Custody Determination states that Petitioner will be detained "[p]ursuant to the authority contained in section 236 of the [INA]." (*Id.*, Ex. H.)

ORDER - 2

On January 28, 2026, an immigration judge ("IJ") denied Petitioner's applications for relief from removal without a full merits hearing and ordered Petitioner removed to Uganda pursuant to an Asylum Cooperative Agreement. (Dkt. # 1 at 10; Baz Decl., ¶ 7.) Petitioner filed an appeal, which remains pending. (*Id.*)

On April 8, 2026, the IJ denied Petitioner's request for custody redetermination, asserting he lacked jurisdiction because detention was mandatory under 8 U.S.C. § 1225(b). (*See* dkt. # 1 at 11; Baz Decl., ¶ 8; Lambert Decl., Ex. I.)

On May 18, 2026, Petitioner filed the instant petition. (Dkt. # 1.)

## II.    DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner contends his detention is governed by 8 U.S.C. § 1226(a) and his redetention without notice and an opportunity to be heard violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and his redetention complied with due process. (Dkt. # 6.)

### A.    Detention Authority

Detention of noncitizens is governed by §§ 235-36 of the INA, codified at 8 U.S.C. §§ 1225-26. In *Jennings*, the Supreme Court drew a clear line between the two provisions: § 1225 "applies primarily to [noncitizens] seeking entry into the United States," while § 1226

ORDER - 3

governs "the process of arresting and detaining" noncitizens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Section 1226(a) provides the "default rule" allowing discretionary detention of noncitizens "already present in the United States," with enumerated exceptions (*see* § 1226(c)). *Id.* at 303. The Ninth Circuit has also described § 1226 as "provid[ing] the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).

On the other hand, § 1225 applies to an "applicant for admission" to the United States, defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1). Generally, applicants for admission who are "seeking admission . . . shall be detained" pending removal proceedings unless they are "clearly and beyond a doubt entitled to be admitted[.]" 8 U.S.C. § 1225(b)(2)(A); *cf.* 8 U.S.C. § 1225(b)(1) (procedures for expedited removal).

Respondents argue that Petitioner, as an "applicant for admission" as defined in 8 U.S.C. § 1225(a), is necessarily "seeking admission" and thus subject to mandatory detention under § 1225(b). (Dkt. # 6 at 4-5.) Respondents acknowledge that, on similar facts, this Court has held that § 1226(a) provides the applicable detention authority. (Dkt. # 6 at 6 (citing *Corado v. Bondi*, 2026 WL 1113386, at *2-4 (W.D. Wash. Apr. 24, 2026)).)

Because Respondents' statutory interpretation of § 1225 has been consistently rejected by this Court and others in this District, and because the government has consistently treated Petitioner as subject to discretionary detention under § 1226 from the outset, the Court concludes that Petitioner's detention is governed by § 1226(a)'s discretionary detention framework. *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1322-36 (W.D. Wash. 2025); *Carrascal-*

ORDER - 4

*Omeara v. Hernandez*, Case No. C26-1476, dkt. # 13 at 3-6 (W.D. Wash. May 27, 2026); *Corado*, 2026 WL 1113386, at *2-4. Furthermore, "[s]tatutory authority to detain does not obviate Respondents' obligation to comply with due process." *Telenchana v. Hermosillo*, 2026 WL 696806, at *10 (W.D. Wash. Mar. 12, 2026).

### B.    Due Process

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz*, 53 F.4th at 1206-07; *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

As to the first *Mathews* factor, Respondents recognize Petitioner's "weighty liberty interests[.]" (Dkt. # 6 at 7 (citation omitted).) During his almost two years of release, Petitioner was able to apply for asylum, work, and build a sufficiently strong community that ten family members, friends, neighbors, and coworkers submitted letters in support of his custody redetermination. (*See* dkt. # 1 at 2, Ex. A at 27-37.) The first *Mathews* factor weighs strongly in Petitioner's favor.

Regarding the risk of erroneous deprivation, Respondents contend Petitioner's forty ATD violations render a pre-deprivation hearing impracticable or unnecessary. (Dkt. # 6 at 7.) The

ORDER - 5

Court finds the risk of erroneous deprivation high where the asserted basis for redetention is conclusory ATD records stating only "missed check-in." That the government allowed the alleged violations to continue for nearly two years without taking any action, while Petitioner continued to report in person as required, undermines any suggestion that Petitioner's alleged ATD violations necessitated immediate action. *See*, *e.g.*, *Telenchana*, 2026 WL 696806, at *5 (granting habeas relief where the record did not show that alleged missed biometric check-ins actually formed the basis for redetention, ICE made no flight-risk or danger assessment, and the petitioner received no prior notice or hearing). The record does not show that ICE informed Petitioner of the alleged violations, allowed him to correct or explain them, or provided any opportunity to contest the factual basis for redetention before revoking release. A brief, prompt custody hearing would substantially reduce the risk of erroneous redetention. The second *Mathews* factor therefore weighs in Petitioner's favor.

Although the government has legitimate interests in enforcing the immigration laws and ensuring appearance at proceedings, Respondents identify no concrete way in which providing a short, pre-deprivation custody hearing before redetention would materially impede those interests. (*See* dkt. # 6 at 7-8.) "[A]bsent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process," particularly where the noncitizen has previously been released on her own recognizance. *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) (emphasis in original). On this record, Respondents identify no urgent concerns of flight risk or dangerousness that would make pre-deprivation process impracticable.

In sum, the *Mathews* factors strongly favor Petitioner and habeas relief is warranted. Respondents assert that the appropriate relief is a post-deprivation bond hearing, but offer no argument in support. (Dkt. # 6 at 8.) Given the lack of lawful process at the outset of detention

ORDER - 6

and the absence of exigent circumstances, release is the appropriate and constitutionally required remedy. This conclusion aligns with a broad consensus among district courts. *See*, *e.g.*, *Rojas v. Almodovar*, 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025) (holding that where "detention was invalid at its inception[,]" petitioner is "entitled to release."); *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).[3]

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's petition for writ of habeas corpus (dkt. # 1). Within **twenty-four (24) hours**, Respondents shall release Petitioner from immigration detention under conditions consistent with applicable statutory and regulatory authority. Within **two (2) business days**, Respondents shall file a status report with the Court confirming Petitioner's release.

The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 8th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[3] In the prayer for relief in his petition, Petitioner appears to seek permanent injunctive relief limiting future redetention, but he offers no factual or legal basis for such relief in the body of the petition. (Dkt. # 1 at 27.) To the extent Petitioner may be seeking relief related to future potential redetention, such request is denied as speculative.

ORDER - 7